UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MELISSA BLAQUE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:11-CV-456 |
| ) | (VARLAN/SHIRLEY) |
| RENAISSANCE HEALTHCARE GROUP, LLC, ) | |
| d/b/a PASADENA VILLA'S SMOKY ) | |
| MOUNTAIN LODGE, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

This civil action is before the Court on defendant's Partial Motion to Dismiss [Doc. 8], in which defendant moves the Court to dismiss any and all claims for punitive damages set forth in plaintiff's complaint. As grounds for the motion, defendant submits that while plaintiff has attempted to assert claims for punitive damages under the Tennessee Human Rights Act, Tenn. Code Ann. §§ 4-21-101, *et seq.* (the "THRA") [Doc. 1-1, pp. 5-7], plaintiff has failed to set forth a valid claim for such damages. Plaintiff has not responded to defendant's motion and the time for doing so has passed. *See* E.D. TN. LR 7.1(a), 7.2. The Court also notes that "[f]ailure to respond to a motion may be deemed a waiver of any opposition to the relief sought." E.D. TN. LR 7.2.

In her complaint, plaintiff asserts claims for gender discrimination, sexual harassment, and retaliation under the THRA and the Equal Pay Act, 29 U.S.C. § 206(d), (the "EPA")

[Doc. 1-1, pp. 5-7]. Plaintiff seeks punitive damages under the THRA and "damages and an equal amount as liquidated damages" under the EPA [*Id.*, pp. 6-7].

Under the THRA, punitive damages are only available in cases involving discriminatory housing or malicious harassment. *Regan v. City of Knoxville*, 692 F. Supp. 2d 891, 908 (E.D. Tenn. 2010) (citing *Carver v. Citizen Utilities Co.*, 954 S.W.2d 34, 36 (Tenn. 1997)). While plaintiff's complaint contains no allegation of discriminatory housing, she has alleged that defendant's harassment was "malicious" [Doc. 1-1, p. 6]. The elements for a claim of malicious harassment under the THRA are derived from the criminal offense of civil rights intimidation, found in Section 39-17-309 of the Tennessee Code Annotated. *See Safro v. Kennedy*, No. E2006-01638-COA-R3-CV, 2007 WL 1215052 (Tenn. Ct. App. Apr. 15, 2007); Tenn. Code Ann. § 39-17-309; *see also Washington v. Robertson Cnty.*, 29 S.W.3d 466, 468 (Tenn. 2000).

Such a claim for malicious harassment "requires a higher level of harassment than what may be alleged" under standard THRA claims, *Daniel v. Rutherford Cnty.*, No. 3:08-00678, 2010 WL 56082, at *13 (M.D. Tenn. Jan. 5, 2010), and this Court has previously observed that "the utilization of [the malicious harassment] statute in the context of employment discrimination would indeed be rare." *Gann v. Chevron Chem. Co.*, 52 F. Supp. 2d 834, 845 (E.D. Tenn. 1999). Furthermore, the Tennessee Supreme Court has noted that "the elements of malicious harassment are found by examining its counterpart criminal statutes[,]" and that:

> [A] claim of malicious harassment requires not only that a person acted maliciously, i.e., ill-will, hatred or spite, but also that a person unlawfully intimidated another from the free exercise or enjoyment of a constitutional right by injuring or threatening to injure or coercing another person or by damaging, destroying or defacing any real or personal property of another person.

*Washington*, 29 S.W.3d at 472-73; *see also* Tenn. Code Ann. § 39-17-308. Finally, while the THRA addresses discrimination on the basis of race, creed, color, religion, sex, gender, or national origin, *see* Tenn. Code Ann. § 4-21-101, *et seq.*, as provided in Section § 39-17-309, a claim for malicious harassment must be based on the victim's "race, color, ancestry, religion or national origin"—not, therefore, on the victim's gender. *Harvey v. LaDuke*, No. E2005-00533-COA-R3-CV, 2006 WL 694640, at *9-*10 (Tenn. Ct. App. Mar. 20, 2006); *see also Bowman v. City of Memphis*, 329 S.W.3d 766, 767, 769 (Tenn. Ct. App. 2010); *Washington*, 29 S.W.3d at 472-73; Tenn. Code Ann. § 39-17-309(a).

As defendant points out, while plaintiff has pled "malicious" harassment on the part of defendant, it is clear from the factual allegations of her complaint that she is claiming that defendant discriminated, harassed, and retaliated against her based on gender [*See* Doc. 1-1, pp. 2-7]. There are no allegations in the complaint of malicious harassment motivated by plaintiff's race, color, religion, ancestry, or national origin [*see generally id.*], and thus, no valid claim for malicious harassment under the THRA. Accordingly, because plaintiff has not pled a valid claim for malicious harassment under the THRA, plaintiff likewise has no valid claim for punitive damages under the THRA.

3

For the reasons given above, defendant's Partial Motion to Dismiss [Doc. 8] is **GRANTED** and plaintiff's punitive damages claim under the THRA is **DISMISSED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE
